IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD LEE WHITTEN, #599625, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:11-CV-0534-N (BK) |
| | § | |
| CITY OF DALLAS POLICE | § | |
| DEPARTMENT, et al., | § | |
|     Defendants. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for pretrial management. For the reasons that follow, it is recommended that this action be summarily dismissed with prejudice as frivolous.

### I. BACKGROUND

Plaintiff, a Texas state inmate, filed an amended *pro se* civil rights complaint, under 42 U.S.C. § 1983, against his court-appointed Attorney Stuart Parker and Dallas Police Officers J. Sanderlin, David Clark, Jacob White, and Kritin Canutu. (Doc. 10 at 3.) The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. The Court then issued a questionnaire, to obtain information about the factual basis of the complaint.[1]

---

[1] In addition to the above named defendants, the amended complaint named the City of Dallas Police Department. (Doc. 10 at 1.) Because Plaintiff sought to sue a non-jural entity as a defendant, the Court gave him an opportunity to identify a suable entity or individual in answer to the questionnaire. *See Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993). In response to the questionnaire, Plaintiff indicates that he is suing only the individual policy officers named in the amended complaint. (See Doc. 12, ans. 7.) Therefore, the Dallas Police Department should be dismissed.

The amended complaint and answers to the questionnaire present multiple claims stemming from Plaintiff's arrest, prosecution, and conviction for an April 2009 robbery. (Doc. 10 at 4; Doc. 12, ans. 1-9.) Plaintiff states that Defendants Dallas police officers illegally stopped him for a traffic violation, confiscated his vehicle and $500 in cash, and charged him with a robbery that he did not commit. (Doc. 10 at 4.) With respect to his court-appointed counsel, Plaintiff states that his guilty plea was involuntary and that counsel rendered ineffective assistance when he failed to investigate the robbery charge, file pretrial motions, and explain the indictment. (*Id.* at 5.) Plaintiff requests compensatory damages for the loss of his car and his freedom. (Doc. 12, ans. 12.) [2]

## II. DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is

---

[2] Plaintiff also requests that "all robbery cases [be] taken off [his] record." (Doc. 10 at 4.) Such a claim, however, is not cognizable in this civil rights case.

In addition, Plaintiff complains that his initial robbery "case was dropp[ed and that his] money was taken." (Doc. 10 at 4.) A review of his Dallas County criminal cases reflects that case number F09-53607, which initially charged Plaintiff for the April 2009 robbery, was dismissed and refiled in case number F10-00068. Then, in June 2009, Plaintiff was charged for a separate robbery, case number F09-34065, for which he was arrested earlier that month. Subsequently, in December 2010, Plaintiff pled guilty to both robbery cases and was assessed a seven-year term of imprisonment in each cause. *See* Nos. F09-34065 and F10-00068 (docket sheets available online on the Dallas County Website); Texas Department of Criminal Justice (TDCJ) Offender Information Detail (available online).

"based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, the complaint should be dismissed as frivolous.

**A.**     ***Heck v. Humphrey* Doctrine**

Plaintiff's claims related to his arrest, prosecution, and conviction for the April 2009 robbery are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). A ruling in Plaintiff's favor on the various claims pled against the Dallas police officers and his defense attorney "would necessarily imply the invalidity of his conviction." *Id.* at 487.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87. The *Heck* Court unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's confinement, his claim "is not cognizable under [section] 1983." *Id.* at 487. "The policy undergirding the favorable termination rule is based on 'the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Ballard v. Burton*, 444 F.3d 391, 397 (5th Cir. 2006) (quoting *Heck*, 512 U.S. at 486).

Here, Plaintiff cannot satisfy the *Heck* favorable termination requirement. In answer to the questionnaire, he concedes that no court has reversed or invalidated his conviction for the

April 2009 robbery (case number F10-00068), for which he is presently confined. (Doc. 12, ans 1.) Moreover, a state post-conviction habeas application challenging that robbery conviction is presently pending in the convicting court. *Ex parte Whitten*, No. W10-00068-A (online docket sheet available on the Dallas County website). Therefore, unless and until his conviction has been reversed on direct appeal, expunged by executive order, or called into question by a federal writ of habeas corpus, Plaintiff cannot maintain a civil action for damages seeking to undermine his conviction. *Heck*, 512 U.S. at 488-89.

**B.     Defense Attorney**

*Heck* notwithstanding, Plaintiff's claims against his defense attorney for acts and omissions during his criminal prosecution cannot support a cause of action under section 1983. To pursue a claim under section 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An attorney, however, does not act under color of state law in representing a defendant in a criminal case. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981) (public defender does not act under color of state law when performing lawyer's traditional functions in representing defendant in criminal case); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (court appointed attorneys are not official state actors). Therefore, Plaintiff cannot sue his former defense attorney under section 1983 because his acts or omissions did not occur under color of state law.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's complaint be **DISMISSED**

with prejudice as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).  This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

SIGNED September 9, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.